| | |
|---|---|
| BRIDGET MURPHY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 05-1268-CV-W-ODS |
| ) | |
| CLOVERLEAF BAR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION APPROVING MINOR SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

A hearing was held on Monday, April 9, 2007, regarding the Applications for Approval of Minor Settlement.  In attendance were Plaintiff Bridget Murphy, the natural mother and next friend of Temper Bryant (a minor) and Britny Burnside, in person and by her attorney, Tom Munro;  Defendant Kansas City Board of Police Commissioners through its attorney, Ryan Bertels; Defendants The Cloverleaf Bar and Frakes, Inc. through their attorney, Britt Bieri; and Defendant City of Independence  through its attorney, David S. Baker.  The parties agreed to waive a jury trial and submitted all issues contained within the Applications for Approval of Minor Settlement to the Court for determination.

The parties advised the Court they have, agreed to a compromised settlement of any and all claims Plaintiff Temper Bryant, a minor, has or may have against any of the Defendants as a result of or relating to her interaction with and/or contact with and/or involvement of any kind or description with any of the Released Parties or their employees, agents or representatives on or prior to December 24, 2004, including, but not limited to, all the claims allegations and theories of recovery which were or could have been advanced by or on her behalf in this lawsuit.

The terms and conditions of the proposed settlement are that Defendants will pay to Plaintiffs the combined amount of *Six Thousand Five Hundred and no/100 Dollars ($6,500.00)*. Plaintiffs propose these funds be distributed in the following manner: (1) $2,996.68 to Plaintiff Bridget Murphy; (2) $250.00 to Plaintiff Britny Burnside; (3) $250.00 to Plaintiff Temper Bryant,

a minor; and (4) $3,003.32 for attorney's fees and expenses to Plaintiffs' counsel, Deborah Johnson.

Plaintiffs have entered into a contract with their counsel and believe the proposed $3,003.32 distribution to Ms. Johnson for attorney's fees and expenses is fair and reasonable.

WHEREUPON, the Court having heard evidence and having been fully advised in the premises, does hereby order, adjudge and decree as follows:

1. The proposed settlement between Plaintiffs and Defendants in the total amount of $6,500.00 is fair and reasonable, and the proposed allocation of $250.00 to Plaintiff Temper Bryant, a minor, is in the best interest of Temper Bryant, and is hereby approved;
2. Plaintiffs have freely, knowingly and voluntarily waived their right to a jury trial and all parties have consented to the submission of all issues regarding this proposed settlement to the Court for determination;
3. Plaintiffs entered into a contract with Deborah Johnson for the provision of legal services in connection with this lawsuit and the proposed allocation of $3,003.32 in attorney's fees and expenses is fair and reasonable, and shall be paid from the settlement proceeds;
4. The settlement proceeds shall be apportioned and distributed as follows:
    (a) $2,996.68 to Plaintiff Bridget Murphy;
    (b) $250.00 to Plaintiff Britny Burnside;
    (c) $250.00 to Plaintiff Temper Bryant, a minor; and
    (d) $3,003.32 to Deborah Johnson for attorney's fees and expenses;
5. Bridget Murphy, the natural mother and duly-appointed next friend of Temper Bryant, a minor, shall execute the appropriate Releases on behalf of Temper Bryant in order to extinguish all claims and theories of recovery Temper Bryant now has or in the future may have against Defendants and their employees, representatives and agents arising from, related to or connected with any interaction and/or contact and/or involvement that Temper Bryant may have had with any of the Defendants or their agents, representatives or employees on or before December 24, 2004, as well as all claims or theories of recovery which were or could have been advanced by her in this lawsuit;
6. Plaintiffs Bridget Murphy and Britney Burnside shall execute appropriate Releases in favor of Defendants and their agents, servants and employees;

7. That the settlement checks tendered by Defendants shall not be negotiated until this Order is entered and all of the appropriate Releases have been executed and returned to Defendants' counsel; and

8. This case shall be dismissed with prejudice.

IT IS SO ORDERED.

Date: April 11, 2007                               /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, JUDGE
                                                   UNITED STATES DISTRICT COURT